Linda S. Klinger, SBN 249233
Klinger Law Center
3456 Camino Del Rio N. Ste208
San Diego CA, 92108
T: 619-516-1601
F: 866-635-1485

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

In RE

Patricia Leah Waggerby

Warren Turner Waggerby DDS

Debtors

) Case No.: 09-12481
)
) **SECOND MODIFIED CHAPTER 12 PLAN**
) **(DATED 5/10/2010)**
)
) Date: June 30, 2010
) Time: 11:00 AM
) Dept. 3
)

**CREDITORS: YOU SHOULD READ THIS PLAN CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. CONFIRMATION OF THIS PLAN BY THE BANKRUPTCY COURT MAY MODIFY YOUR RIGHTS IN SEVERAL WAYS INCLUDING PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, SETTING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND SETTING THE INTEREST RATE ON YOUR CLAIM.**

   1.      Debtors shall pay to the Chapter 12 Trustee payments as set forth: <u>SEE ATTACHED SCHEDULE</u>. Debtors hereby submit all future earnings to the supervision and control of the trustee and agree to pay sufficient funds to the trustee on or before five years from the commencement of this case to fully complete this plan. Except as otherwise provided in the plan or by Court order, the trustee shall make payments to creditors under the plan.

FIRST MODIFIED CHAPTER 12 PLAN         - 1 -
(DATED 3/16/2010)

2. **Pre-Confirmation Adequate Protection Payments**. If direct payments to creditors pursuant to §1226(a) are made, debtors will immediately provide Trustee evidence of the payments including the creditor name and address and the amount and date of each payment. Trustee is under no obligation to adjust filed and allowed claims unless there is a court order of specific written direction from claimant.

3. Trustee shall pay filed and allowed claims as set forth herein, except as the Court may order otherwise.

4. **Class 1 - Administrative Claims**.

    (a) Trustee Fees: The Chapter 12 Trustee shall receive five percent (5%) of the amount paid to him by the debtors. This amount is to be taken at the time funds are actually disbursed. Additionally, expenses for the required Chapter 12 bond shall be paid by the Trustee as an administrative expense without further Court order. Other trustee expenses may be allowed in addition to compensation and bonding, but only after notice and as approved by the Court.

    (b) Attorney Fees: Attorney fees, as allowed by the Court, shall be paid as follows:

         _X_ In full from the first funds, after trustee fees and expenses, available for distribution;

         ___ In the amount of $ per distribution until paid in full;

    (c) Other Administrative Claims: Other administrative claims as allowed by Court order shall be paid after attorney fees, unless the Court orders otherwise.

5. **Class 2 - Real Estate Secured Claims**. (Trustee to pay entire claim). Notwithstanding any other provision of this plan, the below named creditors (their agent and assigns) who have security agreements supporting non-voidable liens against debtors' real estate

FIRST MODIFIED CHAPTER 12 PLAN    - 2 -
(DATED 3/16/2010)

or mobile home or are cross-collaterized shall be paid in installments by the Trustee from funds available for distribution monthly. Payments shall be cumulative and, except for creditors paid pursuant to prior paragraphs of this plan, shall be paid on their allowed claims in advance of periodic distribution to other creditors. Each named creditor shall be paid in installments as indicated until the allowed secured claim is paid 100% plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

| Name of Creditor | Est. Claim | Installment | % Interest (Optional) |
|---|---|---|---|
| NONE | | | |

**6.     Class 3 - Real Estate Secured Claims**. (Trustee to pay arrears only). Notwithstanding any other provision of this plan, debtors during the pendency of this case shall make, and following completion of this case shall continue to make, the usual and regular payments (including any balloon payments) called for by any security agreements supporting non-voidable liens against debtors' real estate or mobile home, directly to below named lien holders in a current manner. However, arrears to named lien holders (their agents and assigns) shall be paid in installments by Trustee from funds available for distribution, non-cumulative, and except for creditors in paragraph 1 through 5of this plan, shall be paid in advance of periodic distribution to other creditors. Each named creditor shall be paid in installments indicated until arrears claim is paid in amount allowed plus interest at seven percent (7%) per annum, unless a different percentage is specified below. Provisions of this paragraph shall operate to cure any default of any real estate or mobile home security agreement notwithstanding that by the terms thereof or by the laws or processes of a governmental unit, the time for redemption or reinstatement has expired. If there exist creditors not dealt with by this plan holding a statutory or other liens against debtor's real estate or mobile home and the obligation is fully due, for reasons other than the exercise of power of acceleration for failure to make installment

FIRST MODIFIED CHAPTER 12 PLAN        - 3 -
(DATED 3/16/2010)

payments, unless the Court orders otherwise, debtor(s) will pay said claim directly to said creditor in full on or before six months' time following the date of confirmation of this Plan.

| Name of Creditor | Est. Installment | Arrears | % Interest (Optionacl) |
|---|---|---|---|
| Wells Fargo Home Mort | $1,030.00 | $26,139.86 | 7% |

7. **Class 4 - Priority Claims**: Claims entitled to priority under Section 507 of the Bankruptcy Code shall be paid in full as follows:

_X_  All allowed priority claims shall be paid pro rata in full from the first funds available after payment of Class 1 and Class 2 Claims, but concurrent with Class 3 Claims. Debtor believes these claims to be as follows:

| Name of Creditor | Est. Claim | Installment | % Interest (Optional) |
|---|---|---|---|
| NONE | | | |

8. **Class 5 - Other Secured Personal Property Creditors and Lease Creditors**. After payments of Class 1 and Class 2 claims, and concurrent with Class 3 claims, Trustee shall pay holder of other claims allowed secured solely by personal property. Any creditor holding a lease on personal property in debtors' possession that files a claim, unless specifically dealt with elsewhere in this plan, shall be treated as a secured creditor herein. All claims under this paragraph shall be paid pro rata with other such creditors to the amount allowed, plus interest at seven percent (7%) per annum and in advance of distribution to general unsecured creditors. Upon confirmation, creditor will be deemed to accept the classification, valuation and interest rate set forth, and payment of creditor will be binding pursuant to this provision, even if creditor is subject to Section 506 valuation, unless the creditor timely objects and the court orders otherwise.

| Name of Creditor | Est. Claim | Installment | % Interest (Optional) |
|---|---|---|---|
| NONE | | | |

FIRST MODIFIED CHAPTER 12 PLAN        - 4 -
(DATED 3/16/2010)

9. **Class 6 - Specified Secured Claims, personal Property (§506 valuation not applicable) (purchase money security interest in vehicles purchased for personal use within 910 days of filing the petition or other secured debt within one year of filing the petition)**.

Creditors named in this paragraph shall be paid in the same priority as creditors listed in Class 5 above but in full for allowed claims secured solely by personal property for which §506 valuation is not applicable. Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed plus interest at seven percent (7%) per annum unless a different percentage is specified below. Upon confirmation, the interest rate set forth will be binding unless creditor timely objects and the court orders otherwise.

| Name of Creditor | Est. Claim | Installment | % Interest (Optional) |
|---|---|---|---|
| None | | | |

10. **Class 7 - Unsecured Claims**: After dividends to Class 1 through Class 6 creditors, Trustee shall pay dividends pro rata on claims allowed unsecured herein to 12% of the amount allowed in full satisfaction thereof.

11. **Class 8 - Post Petition Claims**. Claims allowed for post-petition debts incurred by debtor may be paid in full 100% of the claim, but after all other creditors in Class 1 through Class 7. Trustee or any adversely affected party in interest may file to dismiss case if debtor incurs post-petition debts without the written consent of Trustee and debtor fails to keep such obligations current in payments.

12. **Rejection of Claim, Return of Collateral.** Debtor(s) elect not to assume the lease or contract with creditors (their agents and assigns) named in this paragraph and shall surrender to such creditor the collateral subject to creditor's lien or lease in full satisfaction of any secured claim arising from the transaction creating creditor's interest in said property.

FIRST MODIFIED CHAPTER 12 PLAN      - 5 -
(DATED 3/16/2010)

|   Name of Creditor   |   Collateral   |
|---|---|
| Welk Resort Villas on the Green | Time Share |
| Wells Fargo | Automobile |

**13.   Lien Avoidance**. Debtor hereby elects to avoid the fixing of liens pursuant to Section 522(f), Bankruptcy Code. All secured creditors, except those whose liens are avoidable pursuant to 522(f), shall retain their liens pending payment of their secured debt pursuant to this plan.

**14.   General provisions**. Post-petition earnings during the pendency of this case shall remain property of the estate notwithstanding Section 1227. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed case may be distributed to creditors pursuant to these plan provisions. Notwithstanding Section 1229(a), Trustee may bring a motion anytime within the first 36 payments required by the plan, or 36 months, whichever is later, to modify debtor's plan to meet the criteria of 1225(b). Pursuant to Section 1222(b)(3), Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in debtor's payment to Trustee under this plan. Debtor agrees to provide tax return and pay stub information upon written request of the Trustee anytime during the pendency of this case.

**15a.   Domestic Support Obligations**. After payments provided for in prior paragraphs, allowed claims for a domestic support obligation as defined by §507(a)(1), shall be paid, as to amounts due and payable at the commencement of the case, in full 100% to those creditors named below in installments from funds available for distribution monthly, noncumulative, as indicated until claim is paid in amount allowed without interest unless an optional interest percentage is specified below. Holder of claims for domestic support obligations, other than creditors specifically named, will be paid as indicated in paragraph 4 of this plan. Post-petition

FIRST MODIFIED CHAPTER 12 PLAN         - 6 -
(DATED 3/16/2010)

support shall be paid by the debtor directly to support creditors as such payments become due and payable.

| Name of Creditor | Est. Claim | Installment | % Interest (Optional) |
|---|---|---|---|
| NONE | | | |

**15b.** **<u>Assigned Domestic Support Obligations not to be paid in full.</u>** If debtors' projected income for a period of five years will be applied to make payments under the plan, debtors may provide for less than full payment to assigned Domestic Support Obligations (DSOs) defined in §507(a)(1)(B). Although the unpaid DSOs remain non-dischargeable, after creditors provided for in prior paragraphs, debtors propose to pay the below named assigned DSO creditors on their filed and allowed claims in installments from funds available for distribution monthly, non-cumulative, as indicated until the equivalent of 60 months of projected disposable income has been paid into the plan for distribution to creditors. If there are any remaining funds after payment to other creditors pursuant to the plan, those funds may be paid to any creditor in this paragraph whose claim is not paid in full.

| Name of Creditor | Est. Claim | Installment | % Interest (Optional) |
|---|---|---|---|
| NONE | | | |

**16.** The debtor shall pay to the trustee on or before August 24, 2014 an amount sufficient to insure plan completion with 60 months from date of filing, or debtor may file a modified plan to insure completion within 60 months from date of filing.

**17.** **<u>Exclusion of creditor</u>**. Notwithstanding any other provision of the plan, debtor(s) elect to assume the existing lease or contract with creditors in this paragraph; these named creditors shall not be dealt with or provided for by this plan. All pre-petition and post-petition payments due to listed creditors, including default, shall be disallowed as claims for payment herein, unless agreed upon by the Trustee with notice and an opportunity to object by Debtor.

FIRST MODIFIED CHAPTER 12 PLAN     - 7 -
(DATED 3/16/2010)

18. **Other Provisions**. Debtors will file a motion to Value Collateral and Strip Lien of wholly unsecured second trust deed of Wells Fargo Bank, NA, recorded in San Diego County as Document number 2007-0359981.

Plan Dated: May 10, 2010          Debtor:  /s/Patricia L. Waggerby
                                  Co-Debtor:  /s/Warren T. Waggerby

 /s/ Linda S. Klinger
Attorney for Debtors
KLINGER LAW CENTER
3456 Camino Del Rio N.
Ste. 208
San Diego CA, 92108

**PAYMENT SCHEDULE**

|           | 2010/2011  | 2011/2012 | 2012/2013 | 2013/2014 | 2014/2015 |
|-----------|-----------:|----------:|----------:|----------:|----------:|
| **January**   | $0.00      | $250.00   | $250.00   | $250.00   | $250.00   |
| **Feb**       | $2,625.30  | $250.00   | $700.40   | $700.40   | $$700.40  |
| **March**     | $2,625.30  | $250.00   | $776.00   | $776.00   | $776.00   |
| **April**     | $2,435.30  | $250.00   | $1,200.00 | $1,200.00 | $1,200.00 |
| **May**       | $0.00      | $1,000.00 | $1,800.00 | $1,800.00 | $1,800.00 |
| **June**      | $0.00      | $1,500.00 | $3,562.50 | $3,562.50 | $3,562.50 |
| **July**      | $757.00    | $1,500.00 | $3,562.50 | $3,562.50 | $3,562.50 |
| **August**    | $1,800.00  | $3,675.70 | $250.00   | $250.00   | $250.00   |
| **September** | $1,958.50  | $3,675.70 | $250.00   | $250.00   | $250.00   |
| **October**   | $300.00    | $250.00   | $250.00   | $250.00   | $250.00   |
| **November**  | $300.00    | $250.00   | $250.00   | $250.00   | $250.00   |
| **December**  | $300.00    | $250.00   | $250.00   | $250.00   | $250.00   |

**TOTAL $** $65,507.00

On the 60th month, Debtors will pay any remaining balance necessary to complete the plan.

FIRST MODIFIED CHAPTER 12 PLAN          – 9 –
(DATED 3/16/2010)